Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| WINDMAR P.V. ENERGY, INC. D/B/A WINDMAR HOME<br><br>Apelado<br><br>v.<br><br>AMÍLCAR CALDERÓN SIERRA<br><br>Apelante | KLAN202400648 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2024CV01207<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de septiembre de 2024.

Comparece la parte apelante, Amílcar Calderón Sierra, y nos solicita que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 21 de mayo de 2024. Mediante dicho dictamen, el foro primario anotó la rebeldía de la parte apelante y declaró Ha Lugar la demanda sobre cobro de dinero incoada por la parte apelada, Windmar P.V. Energy, Inc., d/b/a Windmar Home.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado.

### I

El 1 de marzo de 2024, Windmar P.V. Energy, Inc., d/b/a Windmar Home (Windmar o apelada) incoó una *Demanda* sobre cobro de dinero en contra de Amílcar Calderón Sierra (Calderón Sierra o apelante).[1] En síntesis, alegó que, debido a la relación obrero-patronal entre las partes, el 17 de julio de 2022, suscribieron un *Contrato de Préstamo*, mediante el cual prestó a Calderón Sierra

---

[1] Apéndice 4 del recurso, págs. 17-21.

$149,690.67. Indicó que, según el referido contrato, Calderón Sierra se obligó a satisfacer un canon mínimo quincenal de $3,000.00, para un total de $6,000.00 mensuales. Señaló que el contrato en cuestión estaba sujeto a la relación obrero-patronal entre las partes, la cual culminó el 7 de junio de 2023. Planteó que, desde ese momento, la cantidad prestada era líquida, vencida, y exigible. Sostuvo que, a pesar de las múltiples gestiones de cobro realizadas, Calderón Sierra no había pagado los $88,074.30 adeudados, más los intereses por mora acumulados de $4,723.42. En virtud de ello, solicitó el pago de lo adeudado, más la imposición de lo honorarios de abogado por temeridad.

Expedido el emplazamiento, el 14 de marzo de 2024, Windmar presentó una *Moción Informativa Sometiendo Emplazamiento Diligenciado*.[2] Mediante esta, informó que, el 12 de marzo de 2024, Calderón Sierra fue emplazado personalmente. Junto a su moción, sometió el emplazamiento diligenciado.[3]

Posteriormente, el 12 de abril de 2024, Windmar instó una *Moción Solicitando Anotación de Rebeldía*.[4] Indicó que Calderón Sierra tuvo treinta (30) días para presentar su alegación responsiva; es decir, hasta el 11 de abril de 2024. No obstante, alegó que Calderón Sierra no había presentado su contestación a la demanda ni solicitó una prórroga a esos efectos. Argumentó que, transcurrido el mencionado término sin la comparecencia de Calderón Sierra, procedía que se le anotara la rebeldía.

El mismo día, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual le concedió un término de quince (15) días a Calderón Sierra para mostrar causa por la cual no se le debía anotar la rebeldía.[5]

---

[2] Apéndice 5 del recurso, págs. 29-30.
[3] Íd., págs. 31-33.
[4] Apéndice 6 del recurso, págs. 34-35.
[5] Entrada Núm. 7 del Caso Núm. BY2024CV01207 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Pendiente lo anterior, el 17 de abril de 2024, Windmar instó una *Solicitud de Sentencia en Rebeldía*.[6] En esencia, alegó que Calderón Sierra tenía conocimiento de la acción de epígrafe, toda vez que lo había hecho constar en una moción que sometió en el Caso Núm. BY2024CV00733 sobre despido injustificado. Particularizó que, en dicho escrito, Calderón Sierra admitió haber sido emplazado por este en el presente pleito sobre cobro de dinero. Argumentó que Calderón Sierra estaba informado de los procesos judiciales en su contra, que fue emplazado hacía treinta y seis (36) días y, aún así, optó por no defenderse y entorpecer los procedimientos judiciales. En vista de ello, solicitó que se le anotara la rebeldía a Calderón Sierra y se dictara sentencia en su contra, conforme a lo dispuesto en la Regla 45.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2.

Atendida la moción, el 18 de abril de 2024, el foro primario notificó una *Orden* en la cual declaró No Ha Lugar –en ese momento– la solicitud promovida por Windmar.[7]

Transcurrido el término concedido por el tribunal de instancia sin la comparecencia de Calderón Sierra, el 30 de abril de 2024, Windmar reiteró su solicitud de anotación de rebeldía.[8] A su vez, reiteró su petición de que se dictara sentencia a tales efectos. Evaluada la solicitud, el mismo día, el foro de origen emitió una *Orden*, mediante la cual anotó la rebeldía de Calderón Sierra.[9]

Así las cosas, el 3 de mayo de 2024, Calderón Sierra presentó una *Moción Asumiendo Representación Legal*[10] y una *Solicitud de Levantamiento de Rebeldía por Confusión no Atribuible a la Parte*

---

[6] Apéndice 7 del recurso, págs. 36-42. Junto a su petitorio, Windmar presentó los siguientes documentos: (1) copia de la *Moción Informativa* presentada por Calderón Sierra en el Caso Núm. BY2024CV00733; (2) copia de la *Declaración Jurada* suscrita por el presidente y representante autorizado de Windmar, Juan José González Serrallés, el 16 de abril de 2024. Véase, Apéndice 7 del recurso, págs. 43-47.

[7] Apéndice 8 del recurso, pág. 48.

[8] Apéndice 9 del recurso, págs. 49-50.

[9] Apéndice 10 del recurso, pág. 10.

[10] Apéndice 11 del recurso, págs. 58-59.

*Demandada.*[11] En síntesis, el abogado de la parte informó que había surgido una confusión ya que Calderón Sierra estaba ante la impresión de que su representación legal en el Caso Núm. BY2024CV00733 también lo representaba en la acción de epígrafe por tratarse de las mismas partes. Aclarado lo anterior, indicó que Calderón Sierra contrató recientemente sus servicios para el presente caso. Por otro lado, solicitó la reconsideración de la anotación de rebeldía de Calderón Sierra. Sobre ese particular, sostuvo que la falta de respuesta de su representado a la acción de epígrafe —dentro del término aplicable para ello— no se debía al desinterés de este, sino a la confusión con la representación legal que tenía en el caso laboral. Por tanto, solicitó que se le concediera un término de treinta (30) días para presentar su alegación responsiva y sus defensas afirmativas.

Por su parte, Windmar se opuso y argumentó que Calderón Sierra no había demostrado justa causa para el levantamiento de la rebeldía solicitado.[12] Reiteró que Calderón Sierra tuvo hasta el 11 de abril de 2024 para contestar la acción de epígrafe, pero no lo hizo, ni solicitó una prórroga a esos efectos, aun cuando tenía conocimiento de la demanda sobre cobro de dinero en su contra, lo cual había admitido mediante moción en el Caso Núm. BY2024CV00733 el 20 de marzo de 2024. Planteó que el representante legal de Calderón Sierra en dicho caso se había comunicado por llamada telefónica con su abogado en ánimos de facilitar una transacción y reconoció que no representaría a Calderón Sierra en el presente pleito. Según adujo, Calderón Sierra tuvo un término adicional concedido por el foro sentenciador para expresarse en torno a la solicitud de rebeldía y, de esa forma, aclarar cualquier confusión que tuviera respecto a su representación legal

---

[11] Apéndice 12 del recurso, págs. 60-61.
[12] Apéndice 13 del recurso, págs. 64-68.

sin que compareciera oportunamente. Sostuvo que, en ausencia de justa causa, procedía denegar lo solicitado por Calderón Sierra.

Examinadas las posturas de las partes, el 7 de mayo de 2024, notificada el 9 del mismo mes y año, el foro juzgador emitió una *Resolución y Orden*, mediante la cual dejó sin efecto la anotación de rebeldía de Calderón Sierra.[13] A su vez, le ordenó presentar la contestación a la demanda en un término perentorio de diez (10) días.

Vencido el término concedido, el 21 de mayo de 2024, Windmar presentó una *Moción Reiterando Solicitud Para que se Dicte Sentencia en Rebeldía*.[14] Indicó que Calderón Sierra tuvo hasta el 20 de mayo de 2024 para someter su alegación responsiva y no la había acreditado, incumpliendo así con las órdenes del foro *a quo*. Señaló que habían transcurrido setenta (70) días desde que Calderón Sierra fue emplazado sin que contestara la demanda. Planteó que las acciones de Calderón Sierra no tenían justificación y solo había servido para atrasar los procedimientos judiciales. En vista de lo anterior, solicitó que se le anotara la rebeldía a Calderón Sierra y se dictara sentencia a tales efectos.

En igual fecha, el Tribunal de Primera Instancia emitió la *Sentencia* que nos ocupa, en la cual anotó nuevamente la rebeldía de Calderón Sierra.[15] Evaluadas las alegaciones esbozadas en la demanda, así como la prueba documental que la acompañaba, el foro de instancia declaró Ha Lugar la acción de epígrafe. En consecuencia, condenó a Calderón Sierra a pagar la suma de $88,074.30 a favor de Windmar, más intereses al tipo legal, y $4,500.00 por concepto de honorarios de abogado.

---

[13] Apéndice 14 del recurso, págs. 71-73.
[14] Apéndice 15 del recurso, págs. 74-77.
[15] Apéndice 1 del recurso, págs. 1-2.

En horas de la noche de ese día, Calderón Sierra sometió su alegación responsiva.[16] Posteriormente, en desacuerdo con la determinación del foro primario, el 4 de junio de 2024, presentó una moción de reconsideración.[17] Alegó que la falta de respuesta dentro del término requerido por nuestro ordenamiento jurídico se debió a un error cometido en la oficina legal, donde se calculó incorrectamente el tiempo de respuesta desde la *Orden* emitida el 6 de mayo de 2024, mediante la cual se le otorgaron quince (15) días para responder. Arguyó que la alegación responsiva estaba hecha desde el 13 de mayo de 2024, pero había computado erróneamente que vencía el 21 del mismo mes y año. Junto a su moción, anejó un informe del sistema de manejo de casos de la oficina legal para evidenciar lo anterior y mostrar justa causa al haber contestado la demanda el día después de vencido el término aplicable. Por otro lado, en cuanto a los méritos del caso, argumentó que la alegada deuda estaba extinta o no era real, toda vez que no se habían considerado unos créditos y emolumentos recibidos, los cuales lo eximirían de responsabilidad. En virtud de lo anterior, solicitó que se levantara su rebeldía, se reconsiderara el dictamen emitido y se ventilara el caso en sus méritos.

Atendida la solicitud, el 4 de junio de 2024, notificada al día siguiente, el foro de origen la declaró No Ha Lugar mediante *Resolución*.[18]

Inconforme, el 8 de julio de 2024, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

> El Tribunal de Primera Instancia denegó que se levantar[a] la anotación de rebeldía[,] lo que constituy[ó] [en] la aplicación de la severa sanción de manera punitiva[,] impidiendo a la parte apelante la oportunidad de defenderse adecuadamente, debido a

---

[16] Apéndice 16 del recurso, págs. 84-92.
[17] Apéndice 2 del recurso, págs. 4-10.
[18] Apéndice 3 del recurso, págs. 15-16.

un retraso de solo un (1) día en la presentación de la contestación a la demanda.

El Tribunal de Primera Instancia denegó liberar a la parte apelante de los efectos de la Sentencia en rebeldía dictada[,] sin considerar los elementos de la Regla 45.3 de las de Procedimiento Civil y que existe una defensa meritoria por la parte apelante que constituye una causa justificada para levantar la anotación de rebeldía y reconsiderar la Sentencia dictada.

El Tribunal de Primera Instancia dictó Sentencia concediéndole $4,500.00 en [h]onorarios de [a]bogados a la parte apelada, sin determinar que la parte apelante había procedido con temeridad o frivolidad[,] incumpliendo así con la Regla 44.1 (d) de las de Procedimiento Civil.

En cumplimiento con nuestra *Resolución* del 9 de julio de 2024, la parte apelada compareció mediante *Alegato en Oposición a Apelación* el 6 de agosto de 2024.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, faculta al tribunal a anotar la rebeldía a una parte que no comparece, a pesar de haber sido emplazada, a iniciativa propia o a solicitud de parte. La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011), citando a R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, Sec. 2701, pág. 287. Como se sabe, la anotación de rebeldía es un disuasivo para aquellos que puedan recurrir a la dilación como estrategia de litigación. *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1069 (2019). Lo anterior, puesto que el efecto de la anotación de la rebeldía es que, se darán por admitidos los hechos correctamente alegados en la demanda, y los tribunales pueden dictar sentencia, si procede como cuestión de derecho. *Íd.*

Cabe señalar que, aun cuando las alegaciones afirmativas se dan por admitidas con la anotación de rebeldía, el Tribunal Supremo de Puerto Rico exige que los tribunales comprueben la veracidad de cualquier aseveración mediante prueba. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 577-578 (1997); *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 815 (1978). En el descargo de dicho deber, los tribunales pueden, discrecionalmente, celebrar las vistas que estimen necesarias y adecuadas para comprobar la veracidad de cualquier alegación. *Ocasio v. Kelly Servs.,* 163 DPR 653, 671 (2005).

No obstante, nuestro más Alto Foro ha reiterado que, un trámite en rebeldía no garantiza una sentencia favorable a la parte demandante, pues, la parte demandada no admite hechos incorrectamente alegados ni tampoco conclusiones de derecho. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 931 (1996), citando a *Continental Ins. Co. v. Isleta Marina,* supra, pág. 817. Asimismo, la parte que se encuentre en rebeldía tampoco renuncia a las defensas de falta de jurisdicción ni a que la demanda no aduce hechos constitutivos de un remedio. *Continental Ins. Co. v. Isleta Marina,* supra.

Por su parte, la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, autoriza a los tribunales a dejar sin efecto la rebeldía anotada ante la existencia de justa causa. Análogamente, cuando queda demostrado que la reapertura del caso no ocasiona un perjuicio para la parte contraria, nuestro Tribunal Supremo ha resuelto que denegarla constituye un claro abuso de discreción. *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971). Lo antes, en respuesta al derecho fundamental que tienen las partes a tener su día en corte, componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020).

**B**

En una acción de cobro de dinero, la parte demandante únicamente puede reclamar, por vía judicial, aquellas deudas que sean vencidas, líquidas y exigibles. *RMCA v. Mayol Bianchi*, 208 DPR 100, 108 (2021). Respecto a ello, el Tribunal Supremo de Puerto Rico expresó que:

> El vocablo "líquida" en relación con una cuenta, en lenguaje corriente significa el saldo "o residuo de cuantía cierta que resulta de la comparación del cargo con la data". Y la voz "exigible" refiriéndose a una obligación, significa que puede demandarse su cumplimiento. *Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950).

En ese sentido, la deuda es "líquida" cuando la cuantía de dinero debida es "cierta" y "determinada". *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001), citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Navarra, Ed. Aranzadi, 1984, T. II, pág. 168 y a *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965). Por otro lado, la deuda es "exigible" cuando la obligación no está sujeta a una causa de nulidad y puede demandarse su cumplimiento. *Guadalupe v. Rodríguez*, supra. Sobre ese particular, nuestro Tribunal Supremo determinó en *RMCA v. Mayol Bianchi*, supra, págs. 108-109, lo siguiente:

> La deuda es líquida por ser cierta y determinada, y es exigible porque puede demandarse su cumplimiento. Así que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha *sido aceptado como correcto por el deudor y que está vencido*". (Citas omitidas).

Por otro lado, la parte que exige el cumplimiento de una obligación es a quien le corresponde probar su existencia. *Admor. F.S.E. v. Almacén Ramón Rosa*, 151 DPR 711, 719 (2000); *H.R. Stationery, Inc. v. E.L.A.*, 119 DPR 129, 134 (1987). Lo anterior es cónsono con la Regla 110 de Evidencia de Puerto Rico de 2009, 32 LPRA Ap. VI, R. 110, pues el peso de la prueba recae sobre la parte que resultaría vencida en caso de no presentarse prueba alguna.

**C**

La Regla 44.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 44.1, establece lo referente a la concesión de costas y honorarios de abogado(a) a favor de una parte. Específicamente, la citada regla les permite a los tribunales imponer el pago de una suma por concepto de honorarios de abogado(a) a una parte que actúa con temeridad durante el proceso judicial. *SLG González-Figueroa v. SLG et al.,* 209 DPR 138 (2022). A esos efectos, el inciso (d) de la precitada regla dispone lo siguiente:

> (d) *Honorarios de abogado[(a)]*.—En caso [de] que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado[(a)] que el tribunal entienda correspondan a tal conducta [...].

El Tribunal Supremo de Puerto Rico ha definido el concepto *temeridad* como la actuación terca, obstinada, contumaz y sin fundamentos de un litigante que obliga a la otra parte innecesariamente a asumir las molestias, gastos, trabajo e inconvenientes de un pleito. *SLG González-Figueroa v. SLG et al.,* supra. La conducta temeraria es una actitud que se proyecta sobre el procedimiento y afecta el buen funcionamiento y administración de la justicia. *Íd.*

La determinación de temeridad es un asunto discrecional de los tribunales de primera instancia. *SLG González-Figueroa v. SLG et al.,* supra. Los tribunales apelativos solo pueden intervenir cuando el foro de origen se excede en el ejercicio de discreción. *Íd.* El requisito de la existencia de una actuación temeraria hace que la Regla 44.1 de Procedimiento Civil de 2009, *supra,* tenga el propósito de penalizar o sancionar a la parte que incurre en la conducta proscrita por dicha regla. *Íd.* No obstante, el nuestro más Alto Foro ha relevado del pago de honorarios de abogado(a) a litigantes que pierden un pleito donde hubo controversias fácticas

reales que requerían el examen de la prueba testifical y documental. *Santos Bermúdez v. Texaco P.R., Inc.*, 123 DPR 351, 357-358 (1989).

**D**

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Dávila Nieves v. Meléndez Marín*, supra, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *BPPR v. SLG Gómez-López*, supra; *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por *discreción* se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *García v. Asociación*, 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e

indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago*, supra, págs. 211-212. Véase, además, *BPPR v. SLG Gómez-López*, supra.

Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *Rivera et al. v. Arcos Dorados et al.*, supra. En otras palabras, la discreción no opera en un vacío y tampoco puede ser en "función al antojo o voluntad de uno, sin tasa ni limitación alguna". *BPPR v. SLG Gómez-López*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III**

La parte apelante sostiene en su primer señalamiento de error que el Tribunal de Primera Instancia incidió al denegar el levantamiento de la anotación de rebeldía, toda vez que ello fue una sanción severa y punitiva ante la presentación tardía –por un día– de la contestación a la demanda, lo cual impidió que tuviera una oportunidad adecuada de defenderse. Como segundo señalamiento de error, plantea que el foro primario erró al no dejar sin efecto la *Sentencia* en rebeldía, sin considerar los elementos de la Regla 45.3 de Procedimiento Civil, *supra*, y que existe una defensa meritoria que constituye justa causa para levantar la anotación de rebeldía y reconsiderar la determinación dictada. En su tercer y último

señalamiento de error, alega que el foro de origen incidió al dictar *Sentencia* a favor de la parte apelada, concediéndole $4,500.00 por concepto de honorarios de abogado, sin determinar que la compareciente había procedido con temeridad o frivolidad, incumpliendo así con la Regla 44.1 (d) de Procedimiento Civil, *supra*.

Hemos examinado cuidadosamente el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa aplicable y concluimos que el Tribunal de Primera Instancia no erró en su determinación. Nos explicamos.

Según esbozado, el propósito del mecanismo de la anotación de rebeldía es desalentar el uso de la dilación como estrategia de litigación. En ese sentido, una de las instancias en que opera es cuando la parte demandada no cumple con el requisito de comparecer a contestar la demanda o a defenderse dentro del término establecido para ello. Es decir, se podrá anotar la rebeldía a una parte cuando no comparezca al proceso, o comparezca tardíamente, a pesar de haber sido debida y oportunamente emplazada. Una vez anotada la rebeldía de una parte, la Regla 45.3 de Procedimiento Civil, *supra*, faculta al tribunal para dejar sin efecto la misma por causa justificada. No obstante, la parte que solicite que se deje sin efecto la anotación de rebeldía, deberá presentar evidencia de las circunstancias que demuestren justa causa para la dilación o probar que tiene una buena defensa en sus méritos, y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo.

En el caso de autos, surge que el Tribunal de Primera Instancia anotó la rebeldía de la parte apelante luego de transcurridos los treinta (30) días para presentar su alegación responsiva sin que la acreditara, y luego de culminado un término adicional de quince (15) días concedido por dicho foro para que Calderón Sierra mostrara causa por la cual no se le debía anotar la

rebeldía. Es importante destacar que la parte apelante fue emplazada oportunamente el 12 de marzo de 2024, según evidenciado en el expediente ante nos y conforme a lo propiamente admitido por Calderón Sierra. No obstante, posteriormente, el apelante compareció —por primera vez— ante el foro sentenciador y solicitó el levantamiento de la anotación de rebeldía, justificado en una confusión relacionada a su representación legal. No empece a la oposición de la parte apelada, el foro juzgador entendió que lo alegado por Calderón Sierra constituía justa causa, por lo que levantó la rebeldía y le ordenó presentar su contestación a la acción de epígrafe en un término perentorio de diez (10) días. Vencido el referido término sin que la parte apelante acreditara su alegación responsiva, y a más de dos (2) meses de emplazado, el 21 de mayo de 2024, el foro *a quo* anotó nuevamente la rebeldía de Calderón Sierra y emitió una *Sentencia* declarando Ha Lugar la demanda sobre cobro de dinero incoada en contra de este.

En esencia, la parte apelante plantea que no procede la segunda anotación de rebeldía ni el dictamen apelado. Argumenta que existe justa causa en la presentación tardía de la alegación responsiva, la cual sometió el 21 de mayo de 2024, al día siguiente de vencido el segundo término adicional concedido por el foro de origen. Excusa su inacción en lo que cataloga como un "error cometido en la oficina legal" por un cálculo incorrecto del vencimiento del término perentorio impuesto por el foro apelado. En apoyo a su contención, arguye que la contestación a la demanda estaba redactada desde el 13 de mayo de 2024, pero había computado erróneamente que vencía el 21 del mismo mes y año. En virtud de ello, solicita que se levante su rebeldía y se deje sin efecto la *Sentencia* apelada para que el caso se atienda en sus méritos. No le asiste la razón.

Examinadas las incidencias procesales y los argumentos de las partes, así como los documentos que obran en el expediente ante nos, colegimos que el foro primario no cometió el primer y segundo error señalado. Dicho tribunal le concedió a Calderón Sierra amplia oportunidad de presentar su alegación responsiva, en más de una ocasión, y este incumplió; no solo con el término dispuesto en nuestro ordenamiento jurídico para presentar dicho escrito, sino también con los términos adicionales concedidos por el foro sentenciador. En vista de que los planteamientos esbozados por la parte apelante no constituyen justa causa y el Tribunal de Primera Instancia no se excedió de su sana discreción, ni de los parámetros conferidos por nuestro derecho vigente, avalamos lo resuelto por el foro *a quo*.

En cuanto al tercer y último señalamiento de error, tampoco le asiste la razón al apelante. Tal como reseñáramos, la imposición de honorarios de abogado recae en la sana discreción del tribunal juzgador. Los tribunales apelativos solo pueden intervenir cuando se demuestre que el foro de origen abusó de su discreción. En el caso de autos, la parte apelante no demostró que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad en la mencionada imposición de honorarios que amerite nuestra intervención. Luego de un análisis sosegado de la totalidad del expediente, y a la luz del derecho antes expuesto, resolvemos que el foro apelado no incidió en la imposición de honorarios de abogado. Por consiguiente, el tercer error no se cometió.

En virtud de lo anterior, colegimos que el Tribunal de Primera Instancia no erró al emitir la *Sentencia* en rebeldía en contra de la parte apelante. En fin, al evaluar concienzuda y ponderadamente los eventos procesales al palio de la normativa jurídica antes esbozada, coincidimos con la determinación del foro primario.

## IV

Por las razones que anteceden, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones